IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| 5 GUYS MANAGEMENT, INC., an Illinois corporation,<br><br>　　　Plaintiff,<br><br>v<br><br>GREAT LAKES HOLISTICS MUSKEGON, INC., a Michigan Corporation; REDBUD ROOTS LAB VIII, INC., a Michigan corporation, REDBUD ROOTS, INC., a Michigan corporation; GREAT LAKES HOLISTICS, LLC, a Michigan limited liability company; CHRISTOPHER FANTA, an individual; ALEX LEONOWICZ, an individual; and JACOB OWNBEY, an individual,<br><br>　　　Defendants. | Case No. 24-cv-01297<br><br>Judge Hala Y. Jarbou<br><br>Magistrate Judge Sally Berens |

**DEFENDANT CHRISTOPHER FANTA'S RESPONSE OPPOSING EMERGENCY MOTION TO COMPEL THE APPEARANCE OF DEFENDANT CHRISTOPHER FANTA FOR HIS NOTICED OCTOBER 1, 2025 DEPOSITION AND MOTION FOR SANCTIONS FOR DISCOVERY MISCONDUCT**

**INTRODUCTION**

Plaintiff 5 Guys Management, Inc. ("5 Guys") rushed to file its Emergency Motion To Compel The Appearance of Defendant Christopher Fanta For His Noticed October 1, 2025 Deposition And Motion For Sanctions For Discovery Misconduct (the "Motion"), hoping to capitalize on a series of unfortunate events to, among other things, preemptively attack Defendant Christopher Fanta's ("Fanta") credibility in advance of his deposition and to create the false impression of dishonesty and impudence where non-existed. The Court correctly noted in its Order (ECF No. 50) that Plaintiff's allegations "may be true, or there may be some explanation." There is an explanation: the motor vehicle accident resulted in Fanta experiencing neck, shoulder, and back pain, none of which are observable.

5 Guys leapt to the conclusion Fanta was lying about his physical condition based on Facebook posts, without context, and assumed the worst before Fanta could provide medical evidence supporting his claim he could not sit for a deposition in Southfield, Michigan. As discussed below, Fanta's medical records and his affidavit show he was not able to travel to his deposition as planned. Fanta explains the only reason he traveled to Milwaukee was to not disappoint his daughter for a pre-arranged visit, and because she was experiencing personal strife and needed her father. And contrary to 5 Guys' claims that travelling shows Fanta was healthy to sit for his deposition, Fanta also avers the very event 5 Guys argues evidenced Fanta was healthy actually *exacerbated* his pain and medical conditions. Fanta did not lie about his injuries to avoid his deposition or to abuse the discovery process.

1

For the reasons discussed more thoroughly below, Fanta respectfully requests the Court deny the Motion, including 5 Guys' request for sanctions.[1]

## ARGUMENT

**I.    FANTA WAS INJURED IN A CAR ACCIDENT AND SUFFERS FROM SEVERE NECK, SHOULDER, AND BACK PAIN.**

Fanta will first rebut the claim that he has not provided evidence of his injury to 5 Guys. On September 30, 2025, at 1:04p.m., almost an hour and a half before 5 Guys filed the Motion (**Exhibit 1**, ECF Notification, 2:33p.m.), Fanta's counsel forwarded a copy of Fanta's Patient Visit Summary and Instructions (the "Visit Summary") to 5 Guys' counsel. (**Exhibit 2**, Email; **Exhibit 3**, Fanta Affidavit, Ex. A). There was more than sufficient time for 5 Guys to review the Visit Summary, ask any questions, or raise any issues on why they viewed the Visit Summary to be insufficient to evidence Fanta's injuries. No email was sent acknowledging receipt; no phone call was made between counsel to discuss the document; and no reference was made in the Motion to the document, itself. In short, 5 Guys received the Visit Summary *before* filing the Motion, ignored it entirely, and pressed forward to ask the Court to compel Fanta's attendance at his deposition and to sanction him.

Fanta was in a car accident, which he explains in his affidavit. (**Exhibit 3**, Ex. A). On September 23, 2025, Fanta was involved in a motor vehicle accident where his car hit and wrapped around a pole near the roadway. (*Id.*, ¶ 4). As a result of the motor vehicle accident, his car was declared a total loss by his insurance company. 5 Guys attached a copy of the front of his totaled car in paragraph 15 of its Motion. (*Id.*, ¶ 5). As a result of the motor vehicle

---

[1] Fanta's counsel recently filed a Motion to Withdraw as to Fanta (ECF No. 51). Counsel is filing this Response because Foster, Swift, Collins & Smith, P.C. remains counsel of record until the Court grants leave to withdraw. Counsel has not been re-engaged by Fanta.

2

accident, Fanta suffered injuries to his back, shoulder, and neck, which he continues to suffer as a result of the motor vehicle accident. (*Id.*, ¶ 6-7).

On September 24, 2025, Fanta presented for treatment at Premier Injury Management, LTD and was treated by Dr. George Pitsilos. (*Id.*, ¶ 8). Attached as Exhibit A to Fanta's affidavit is a Patient Visit Summary and Instructions (the "Visit Summary"). (*Id.*, Ex. A; *Id.*, ¶ 8; MRE 803(5)). Dr. Pitsilos prescribed medication that was summarized in the Visit Summary and put Fanta on restricted duty status. (*Id.*, ¶ 9).

Beyond 5 Guys' failure to even address the Visit Summary, the Visit Summary, itself, shows that Fanta was in fact injured in a car accident. The Visit Summary states Fanta reported he was "in a MVA causing him to injure his back and neck." (**Exhibit 3**, Ex. A). The Visit Summary diagnoses Fanta as having "[s]prain of ligaments of cervical spine," "[s]prain of ligaments of lumbar spine," and "[l]ow back pain." (*Id.*). The Visit Summary also provides the following after care instructions: "Provided Cyclobenzaprine 10mg (14) instructed to take 1 tab bedtime. *No driving or use of machinery while taking this medication.*" (*Id.*) (Emphasis added). The Visit Summary also scheduled a follow-up appointment for October 3, 2025, at 9:50a.m. (CST). (*Id.*). The Visit Summary evidences Fanta has been ordered not to drive while on his medication, specifically Cyclobenzaprine. (*Id.*). He could not travel to Southfield, Michigan for his deposition because of that diagnosis and the medication prescribed.

Now to address the elephant in the room—Fanta's travel to Milwaukee to see his daughter. Fanta explains that issue in his affidavit as well. (**Exhibit 3,** ¶ 13-16). Following Fanta's treatment with Dr. Pitsilos, the pain associated with his back and neck injuries did not get worse, nor did it get better. (*Id.*, ¶ 10). Fanta informed Dr. Pitsilos that he would be

3

travelling over the next two weeks. Dr. Pitsilos advised that Fanta should contact him if his pain gets exacerbated by travel. (*Id.*, ¶11). Fanta tries his best to follow doctor's orders and instructions. (*Id.*, ¶ 12).

Prior to the motor vehicle accident, Fanta had planned to spend September 27, 2025, with his college-aged daughter, including attending a Milwaukee Brewer's baseball game. The outing with his daughter had been planned for approximately two months at the time the motor vehicle accident occurred. (*Id.*, ¶ 13). The trip by car from his residential address to Milwaukee is approximately 1 hour and 15 minutes. (*Id.*, ¶ 14). Fanta informed Dr. Pitsilos about his upcoming travels, and he advised not to take the medication if travelling. (*Id.*, ¶ 15).

Fanta did attend a Milwaukee Brewers game with his daughter on September 27, 2025. But he attended out of concern of disappointing his daughter given the length of time this outing had been scheduled, despite having been in the motor vehicle accident several days prior. (*Id.*, ¶ 16).

Fanta avers he did *not* take the prescribed muscle relaxer, or any other medication, identified in the Visit Summary prior to travelling to Milwaukee. (*Id.*, ¶ 17). Instead, he took only over-the-counter Advil and performed stretches in an effort help alleviate the pain. (*Id.*, ¶ 18). Fanta took multiple over-the-counter Advil throughout the day on September 27, 2025. (*Id.*, ¶ 19).

Although the photographs attached to the Motion show he is smiling with his daughter, they do not show the pain he was in as a result of traveling to and attending the game. (*Id.*, ¶ 20). Attending the Brewers game with his daughter on September 27, 2025, exacerbated the neck, shoulder, and back pain he experienced as a result of the motor vehicle accident. (*Id.*, ¶ 21). Since attending the Brewers game on September 27, 2025, Fanta's pain

4

caused by the motor vehicle accident has been exacerbated and grown more severe. He is regularly taking the medication prescribed and included in the Visit Summary. (*Id.*, ¶ 22)

Due to the continued pain he was under, Fanta elected not to attend his scheduled deposition on October 1, 2025, because of his continuing neck, shoulder, and back pain. (*Id.*, ¶ 23). He lives in the Chicago, Illinois area. To travel from his residential address to Southfield, Michigan (the location of his scheduled deposition) would have taken approximately 4 hours and 30 minutes of travel by car. He would then sit for a deposition for up to 7 hours and then have to return to Chicago by car for another 4 hours and 30 minutes. In total, he would have been writhing in pain for 16 hours or more in a single day. He did not view this as reasonable or advisable given his 1 hour and 15 minute trip and excursion to Milwaukee significantly exacerbated his neck, shoulder, and back pain. (*Id.*, ¶ 24).

Making a trip to Southfield would have made his physical injury worse. (*Id.*, ¶ 24). He could not fly to the metro-Detroit area either. He would have had to rent a car at the Detroit airport, which he could not drive because of his medications. (*Id.*, ¶ 25). Fanta is presently struggling with sciatic nerve issues that results in extreme lower back pain that causes him to have pain while standing, sitting, or lying. The only relief he has is with medication. (*Id.*, ¶ 26). He has a return visit scheduled with Dr. Pitsilos on October 3, 2025, where he will likely be prescribed additional medication to handle the pain. (*Id.*, ¶ 27).

Fanta fully intends to sit for a deposition in this case. He did not lie about, falsify, or make up his injuries to avoid having his deposition taken. (*Id.*, ¶ 28-29). Furthermore, Mr. Fanta's failure to appear for his deposition is substantially justified because he has had no previous misconduct regarding this case or discovery related to this case.

5

Based on the foregoing, the Motion is incorrect. Fanta did not abuse the discovery process. He exacerbated his pre-existing injury by visiting his daughter, and as a result could not physically sit for his scheduled deposition. 5 Guys is not prejudiced by having to reschedule the deposition. Fact discovery does not close until November 14, 2025, and his deposition can be rescheduled in time to allow further discovery if needed with his forthcoming new counsel. The Motion should be denied.

## II.    SANCTIONS UNDER RULE 30(D)(2) AND RULE 37(D)(3) ARE NOT WARRANTED.

5 Guys' request for sanctions is also improper. Rule 30 and Rule 37 allow a court in its discretion to sanction a party for failing to appear for a properly noticed deposition. *See* Fed. R. Civ. P. 30(d)(2) and Fed. R. Civ. P. 37(d)(3).  Rule 37(d)(3) allows the disobedient party and the attorney advising that party to avoid reasonable expenses "if the failure to attend the deposition was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ P. 37(d)(3). There is no bright-line test to show that the failure to appear was substantially justified. *Villalona-Rodriguez v. U.S.*, No. 3:18-CV-00786-CHB, 2019 WL 13218325, at *4 (W.D. Ky 2019). Instead, the Sixth Circuit has held that the disobedient party can demonstrate that its failure was substantially justified by showing "there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Doe v. Lexington-Fayette Urban County Government*, 407 F.3d 755, 765 (6th Cir. 2005). Substantially justified "has never been described as meaning justified to a high degree, . . . but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Villalona-Rodriguez v. U.S.*, No. 3:18-CV-00786-CHB, 2019 WL 13218325, at *4 (W.D. Ky 2019) (citing *Pierce v. Underwood*, 487 U.S. 552, 565

6

(1988)) (defining substantially justified in the context of 28 U.S.C. 2412(d)(1)(A)). In fact, "a [party's] position can be justified even though it is not correct." *Pierce*, 487 U.S. at 566 n.2.

Here, as described above, Fanta kept a commitment to his daughter during a time of need, which in turn exacerbated his injury and caused worse pain. While he may have made an error in judgment in pushing himself too far physically, there was nothing nefarious about his actions, and reasonable persons could differ as to the interpretation of the contested conduct. Fanta's conduct was substantially justified, and any issue can be rectified by a rescheduled deposition. The Motion's request for sanctions should be denied.

## **CONCLUSION**

For the foregoing reasons, Fanta respectfully requests the Court deny the Motion.

Respectfully submitted,

FOSTER, SWIFT, COLLINS & SMITH, P.C.
Attorneys for Defendants Leonowicz, Fanta,
Redbud Roots, and Redbud Roots Lab VIII

Dated: October 3, 2025      By:      /s/ Brandon M. H. Schumacher
Brandon M. H. Schumacher (P82930)
313 S. Washington Square
Lansing, MI  48933
(517) 371-8255
bschumacher@fosterswift.com

37718:00003:202005213-1