UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

5 GUYS MANAGEMENT, INC.,

      Plaintiff,

                              Case No. 1:24-cv-1297

v.

                              Hon. Hala Y. Jarbou

GREAT LAKES HOLISTICS
MUSKEGON, INC., et al.,

      Defendants.

_____/

## ORDER DIRECTING ADDITIONAL BRIEFING

Plaintiff 5 Guys Management, Inc., brings claims under federal securities law and state law regarding a joint venture to operate a marijuana dispensary.  In short, Plaintiff alleges that Defendants fraudulently induced it into investing in a marijuana business and then took the money for themselves.  All remaining Defendants have filed motions for summary judgment that are currently pending.  However, none of these motions address a potentially significant issue in this case: whether the Court can grant relief on claims regarding a marijuana business that is criminal under federal law.  *See* Controlled Substances Act, 21 U.S.C. §§ 801–904.

Generally, "federal courts may not assist 'in any way towards carrying out the terms of an illegal contract.'" *CCH Acquisitions, LLC v. J&J&D Holdings, LLC*, No. 2:23-cv-2983, 2025 WL 601249, at *3 (S.D. Ohio Feb. 25, 2025) (internal quotation marks omitted) (quoting *Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 77 (1982)).  The same principle potentially bars security fraud claims related to investments in an illegal business.  *See Sensoria, LLC v. Kaweske*, 548 F. Supp. 3d 1011, 1026 (D. Colo. 2021) (dismissing securities fraud claim because "the Court may not vindicate equity in or award profits from a business that grows, processes, and sells marijuana");

*cf. Shulman v. Kaplan*, 58 F.4th 404, 411 (9th Cir. 2023) (plaintiffs lack statutory standing to bring racketeering claim based on harm to marijuana business).  And although no party has raised the issue, the Court may raise it sua sponte because it implicates the propriety of granting relief.  *Cf. Kornea v. Miller,* 797 F. Supp. 3d 295, 299 (S.D.N.Y. 2025) ("The illegality of a contract is an issue that the Court can raise sua sponte, and 'cannot be waived by the parties.'" (quoting *Nyhus v. Travel Mgmt. Corp.*, 466 F.2d 440, 447 (D.C. Cir. 1972)); *Kaiser*, 455 U.S. at 84 ("[I]t is the obligation of courts to refrain from such exertions of judicial power.").

Accordingly,

**IT IS ORDERED** that Defendants are directed to file supplemental briefs on this issue within **fourteen days** of this order.  Plaintiff will have **fourteen days** thereafter to respond to each of Defendants' briefs, and Defendants will have **seven days** thereafter to reply.

Dated: April 14, 2026                                    /s/ Hala Y. Jarbou
                                                                    HALA Y. JARBOU
                                                                    CHIEF UNITED STATES DISTRICT JUDGE